UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LUIS DILONE,
:
: Civil Action No. 12-7894 (MAS)
        Petitioner,
:
:
        v.
: **OPINION**
:
CHRISTOPHER SHANAHAN, et al.,
:
:
        Respondents.
:

**APPEARANCES:**

    PERHAM MAKABI, ESQ.
    125-10 Queens Blvd., Suite 6
    Kew Gardens, New York 11415
    Counsel for Petitioner

    KRISTIN LYNN VASSALLO, AUSA
    OFFICE OF THE U.S. ATTORNEY
    970 Broad Street, Suite 700
    Newark, New Jersey 07102
    Counsel for Respondents

**SHIPP**, District Judge

    Petitioner Luis Dilone ("Petitioner"), an immigration detainee presently confined at the Monmouth County Correctional Facility in Freehold, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241,[1] challenging his mandatory detention during his immigration removal proceedings. The sole proper respondent is the Warden or

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ....

Administrator at the Monmouth County Correctional Facility, where Petitioner is in custody.[2] Because it appears from a review of the parties' submissions that Petitioner is not entitled to the relief he seeks at this time, the Court will deny the petition without prejudice.

## I. BACKGROUND

Petitioner Luis Dilone is a native and citizen of the Dominican Republic, who was admitted to the United States, on June 8, 1992, as a lawful permanent resident alien. (Docket No. 1, Petition, ¶ 8.) On May 25, 2012, the U.S. Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") served Petitioner with a Notice to Appear for Removal Proceedings. (*Id.*, ¶ 9.) The Notice charged that Petitioner was subject to removal from the United States, pursuant to the Immigration and Nationality Act ("INA") § 237(a)(2)(B)(i), based on Petitioner's August 22, 2003 judgment of conviction entered in the United States District Court for the Southern District of New York for the criminal offense of Conspiracy to Distribute and Possess with the Intent to Distribute Heroin, in violation of 21 U.S.C. § 846. (Dkt. # 1-3, Pet., Ex. 1.) Petitioner had been sentenced to twenty months imprisonment on his August 2003 criminal conviction. (Dkt. ## 7-2, 7-3, Declaration of Amy Patrick, ¶ 5, Ex. A.)

Pursuant to the Notice to Appear for Removal Proceedings, Petitioner was taken into custody and detained by the ICE on May 25, 2012. (Dkt. # 7-2, ¶ 6.) Petitioner was placed in

---

[2] Petitioner has named various remote federal officials as respondents. The only proper respondent to a habeas petition challenging current confinement is the warden of the facility where the prisoner is being held, namely, Warden Brian Elwood. Accordingly, the other named respondents shall be dismissed from this action with prejudice. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004); *Yi v. Maugans*, 24 F.3d 500 (3d Cir. 1994).

removal proceedings on May 30, 2012. On July 26, 2012, Petitioner requested supervised release on bond through retained counsel. This request was denied by Acting Field Officer Director Raymond Simonse because Petitioner was subject to mandatory detention under 8 U.S.C. § 1226(c). (*Id.*, ¶¶ 7, 8, 11, Ex. G.) On October 24, 2012, Petitioner appeared before the Immigration Judge for a master calendar hearing and admitted the allegations in the Notice to Appear, conceding the charges of removability. However, petitioner filed an application for relief from removal, and the Immigration Judge adjourned the hearing to allow Petitioner time to file supporting documents. (Id., ¶ 12, Ex. H.) On December 20, 2012, Petitioner appeared for a master calendar hearing with his attorney, and the Immigration Judge adjourned the case and scheduled a merits hearing for March 21, 2013. (*Id.*, ¶ 13, Ex. I.)

On December 28, 2012, Petitioner filed this application for habeas relief under 28 U.S.C. § 2241, challenging his detention pending removal proceedings. (Dkt. # 1.) Petitioner contends that he is not subject to mandatory detention without a bond hearing under 8 U.S.C. § 1226(c), because he was not taken into ICE custody "when released" from custody for a removable offense. As noted, Petitioner alleges that he was taken into ICE custody on May 25, 2012, eight years after he was released from criminal custody on the removable offense. (Id. ¶¶ 9, 12, 13.)

On February 22, 2013, the Government filed an answer to the habeas petition. (Dkt. # 7.)

On March 25, 2013, counsel for Petitioner wrote to this Court informing that Petitioner's merits hearing regarding his removal proceedings and application for relief from removal was rescheduled for May 28, 2013. (Dkt. # 9.)

On April 23, 2013, the Government wrote to the Court regarding the then-newly issued decision by the United States Court of Appeals for the Third Circuit, on April 22, 2013, rejecting

3

Petitioner's argument that mandatory detention under 8 U.S.C. § 1226(c) did not apply when there is a gap between release from criminal custody and arrest by immigration authorities. *Sylvain v. Attorney General of U.S.*, 714 F.3d 150 (3d Cir. 2013). (Dkt. # 11.)

## II. RELEVANT STATUTES

Federal law sets forth the authority of the Attorney General to detain aliens in removal proceedings. Title 8 U.S.C. § 1226(a) provides the Attorney General with the authority to arrest, detain, and release an alien during the pre-removal-order period when the decision as to whether the alien will be removed from the United States is pending. The statute provides,

> (a) Arrest, detention, and release
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General—
>
> > (1) may continue to detain the arrested alien; and
> > (2) may release the alien on—
> > > (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
> > > (B) conditional parole; but
> > (3) may not provide the alien with work authorization (including an "employment authorized" endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.
>
> (b) Revocation of bond or parole
>
> The Attorney General at any time may revoke a bond or parole authorized under subsection (a) of this section, rearrest the alien under the original warrant, and detain the alien.

8 U.S.C. § 1226 (emphasis added.)

4

Certain criminal aliens, however, are subject to mandatory detention pending the outcome of removal proceedings, pursuant to 8 U.S.C. § 1226(c)(1)(B), which provides in relevant part that:

> The Attorney General *shall* take into custody any alien who—
>
> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
>
> (B) is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title, ...
> ***when the alien is released***, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1)(B)(emphasis added). Section 1226(c)(2) permits release of criminal aliens only under very limited circumstances not relevant here.

In short, detention under § 1226(a) is discretionary and permits release on bond, while detention under § 1226(c) is mandatory.

### III. ANALYSIS

Petitioner challenges his detention pursuant to pre-removal proceedings under 8 U.S.C. § 1226(c) because he was not taken into ICE custody immediately upon completion of his criminal sentence for a removable offense.

As set forth above, an alien is subject to mandatory detention and subsequently removal or deportation from the United States when he/she:

> ... is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(iii), (B), (C), or (D) of this title ... when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

5

*Apprehension and Detention of Aliens*, 8 U.S.C. § 1226(c)(1)(B).

The Third Circuit Court of Appeals recently resolved a challenge such as Petitioner raises here by ruling that even if 8 U.S.C. § 1226(c)(1) called for detention when an alien was released, nothing in the statute suggested that the immigration officials would lose their authority to effectuate the removal proceeding and mandatorily detain the alien if detention was delayed. *See Sylvain*, 714 F.3d at 157.

Petitioner's challenge here, based on the phrase "when the alien is released" in § 1226(c), fails because the phrase does not mean that detention must be immediate. *See Sylvain*, 714 F.3d at 157 (holding that "even if 'when' implies something less than four years, nothing in the statute suggests that immigration officials lose authority if they delay.").

Thus, the *Sylvain* ruling means that an alien raising a claim such as the claim presented here is not entitled to habeas relief simply because immigration officials delayed in taking him/her into custody. *See id.* In this case, ICE officials did not lose their authority to effectuate mandatory detention of Petitioner in conjunction with removal proceedings simply due to a lapse in time between Petitioner's release from non-ICE custody and his current mandatory detention. Accordingly, Petitioner's challenge here is without merit and the Petition must be denied.

Finally, the Court observes that Petitioner does not assert a claim of unreasonably prolonged detention in violation of the Due Process Clause under *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011) (finding that Diop's nearly three year detention was unconstitutionally unreasonable and, therefore, a violation of due process). In *Diop*, the Third Circuit concluded that the mandatory detention statute, § 1226(c), implicitly authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry

into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community. 656 F.3d at 231. Specifically, the Third Circuit found that the 35-month mandatory detention of Diop was unreasonable partly because the immigration judge had committed "numerous errors" that caused the BIA to remand the case three times. *Id.* at 224-26, 234-35.

Nevertheless, the Third Circuit has not set a "universal point" when mandatory detention under § 1226(c) is unreasonable. *See Leslie v. Attorney General*, 678 F.3d 265, 270-71 (3d Cir. 2012) (ultimately finding that Leslie's four-year detention under § 1226(c) was unreasonable because it had been prolonged by the alien's successful appeals, and petitioner should not be punished by continued detention for having pursued these "bona fide" legal remedies).

In this case, Petitioner has been detained for one year during his removal proceedings. His merit hearing on removal was scheduled for May 28, 2013. This one-year time frame is far short of the lengthy detention period of 35 months found to be unreasonable by the Third Circuit in *Diop*, and the four-year period of detention found to be unreasonable in *Leslie*. Accordingly, the Court dismisses this petition without prejudice to Petitioner bringing a new and separate action under either *Diop* or *Zadvydas v. Davis*, 533 U.S. 678 (2001) (holding that post-removal-period detention contains implicit reasonableness limitation and that the presumptive limit for post-removal-period detention is six months) in the event the facts and circumstances of Petitioner's custody and detention by the ICE should change in the future.[3]

---

[3] The Court further notes that should a final order of removal be entered against Petitioner, the basis of his detention changes, and Petitioner would be subject to mandatory detention under 8 U.S.C. § 1231(a)(2), for a 90-day removal period. After the 90-day removal period expires, the

IV. CONCLUSION

For the foregoing reasons, the Court denies without prejudice Petitioner's application for habeas relief pursuant to 28 U.S.C. § 2241. An appropriate Order follows.

                                                       */s/ Michael A. Shipp*
                                          MICHAEL A. SHIPP
                                          United States District Judge

Dated: 10/11/13

---

Government may continue to detain Petitioner pending removal or release Petitioner under supervision. 8 U.S.C. § 1231(a)(6). However, this post-removal-period detention provision contains an implicit reasonableness limitation, which the Supreme Court has held to be a presumptive limit of six months. *Zadvydas v. Davis*, 533 U.S. 678 (2001).